# IN THE COURT OF APPEALS OF IOWA

No. 22-1587
Filed June 19, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSE EDUARDO VICTOR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, Kim M. Riley, Judge.

        A defendant appeals his convictions for eluding, driving while revoked, and leaving the scene of a personal-injury accident. **AFFIRMED.**

        Joel E. Fenton of Law Offices of Joel E. Fenton, PLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., and Badding and Buller, JJ.

**TABOR, Presiding Judge.**

Jose Victor appeals three jury verdicts stemming from his high-speed evasion of law enforcement. He alleges the prosecution—having more information about prospective jurors—enjoyed an unfair advantage during voir dire. Because Victor did not raise this issue until his motion for new trial, he failed to preserve error. We thus affirm without reaching the merits of his allegation.

One morning in April 2022, a Marshalltown police officer saw Victor driving his Chrysler 300—with no license plates—through a residential neighborhood. The officer also knew that Victor's driver's license had been revoked. When the officer signaled for him to stop, he sped away, reaching a speed of over one hundred miles per hour. As he eluded the officer, Victor struck a pick-up truck at an intersection. The truck driver suffered injuries. Victor left the scene before the police arrived.

The State charged Victor with eluding resulting in injury, driving while his license was revoked, and leaving the scene of an accident resulting in injury. His case came to trial in July 2022. During jury selection, the prosecutor exercised peremptory strikes on two Black prospective jurors. The court, on its own, asked the prosecutor to make a record under *Batson v. Kentucky*, 476 U.S. 79 (1986). The prosecutor told the court that she exercised those strikes based, in part, on information from conversations with law enforcement and other attorneys in her office that raised concerns about those two prospective jurors. Defense counsel responded that he lacked access to the same research on the two individuals, but "had no reason to doubt" the State's information. Defense counsel also

acknowledged the State's reasons for striking them were "race neutral." The court agreed. The jury convicted him as charged.

For the first time, in his motion for new trial, Victor objected to not having access to the same information that the State used in striking the two Black jurors. He compared the situation to *State v. Bessenecker*, 404 N.W.2d 134, 138 (Iowa 1987), in which our supreme court stressed that defendants should have "equal access to jurors' rap sheets obtained by the county attorney." The State resisted, distinguishing *Bessenecker* and arguing that here it properly relied on "the collective knowledge of the prosecutors and staff in our office." In overruling Victor's new trial motion, the district court noted: "We certainly didn't litigate the issue that was mentioned in the *Bessenecker* case at the time of the trial in this case so the court accepts and continues to accept the State's reasons given for striking those jurors."

On appeal, Victor argues that the State was "obligated to share information with the defendant's counsel at voir dire regarding prosecution or staff awareness of information concerning a prospective juror's interactions with law enforcement which did not lead to criminal charges." In response, the State contends that by waiting to object until after the verdict, Victor failed to preserve error. It also notes that Victor's brief "lacks an error preservation section" in violation of Iowa Rule of Appellate Procedure 6.903(2).[1]

We agree that Victor failed to preserve error. "The grounds of a motion for new trial must stand or fall on exceptions taken at trial and a party cannot in a post

---

[1] Because Victor did not file a reply brief, the State's error preservation argument is uncontested.

verdict motion amplify or add new grounds as a basis for relief." *State v. Droste*, 232 N.W.2d 483, 488 (Iowa 1975). Rather, objections to the jury-selection process must be raised before the venire is dismissed and the jury is sworn. *State v. Ford*, 992 N.W.2d 641, 645–47 (Iowa Ct. App. 2023). What's more, when Victor did raise this issue in his motion for new trial, he did not receive a ruling on the merits from the district court. "Thus, we have nothing to review." *See Cobbins v. State*, No. 23-0356, 2024 WL 960362, at *1 (Iowa Ct. App. Mar. 6, 2024).

**AFFIRMED.**